# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

RONALD HOWARTH,

    Plaintiff,

v.                                                                                     Case No: 8:20-cv-199-T-36CPT

KEITH HOWARTH,

    Defendant.

## ORDER

This cause comes before the Court *sua sponte*. On February 3, 2020, *pro se*[1] Plaintiff Ronald Howarth ("Plaintiff") filed a complaint (the "Complaint") against Defendant Keith Howarth ("Defendant") for "Theft thru Fraud." Doc. 1; Doc. 1-1. Plaintiff alleges that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the citizenship of the parties is diverse and the amount in controversy exceeds $75,000. Doc. 1 at p. 3. Although Plaintiff's allegations allow the Court to determine the parties are completely diverse in citizenship, Plaintiff has failed to establish this Court's subject matter jurisdiction because he has not shown that the amount in controversy exceeds $75,000. In addition, the Complaint is a shotgun pleading. Therefore, the Court will dismiss the Complaint without prejudice to Plaintiff filing an amended complaint.

**I.    DISCUSSION**

---

[1] The Tampa Chapter of the Federal Bar Association operates a Legal Information Program on Tuesdays from 1:00 p.m. to 2:30 p.m. on the 2nd floor of the Sam Gibbons United States Courthouse and Federal Building, 801 North Florida Avenue, Tampa, Florida 33602. Through that program, *pro se* litigants may consult with a lawyer on a limited basis for free. Reservations for specific appointments may be made by calling (813) 301-5400; walk-ins are welcome if space is available. More information about the program is available on the Court's website at http://www.flmd.uscourts.gov/litigants-without-lawyers under the link "Go to the Guide for Proceeding Without A Lawyer." In addition, the Federal Bar Association has published a resource titled, "Representing Yourself in Federal District Court: A Handbook for Pro Se Litigants," which may be found at https://www.fedbar.org/for-the-public/.

### a. Diversity Jurisdiction

"Federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004); *accord Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982).

It is the burden of the party seeking federal jurisdiction to demonstrate that diversity exists by a preponderance of the evidence. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

As for the amount in controversy, generally, a "plaintiff's amount-in-controversy allegation is accepted if made in good faith." *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014); *see also Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) ("A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith."). Generally, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938*)*. "However, where jurisdiction is based on a claim for indeterminate damages, the *Red Cab Co.* 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Federated Mut. Ins. Co.*, 329 F.3d at 807 (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353,

1356-57 (11th Cir. 1996)). *Accord Bradley v. Kelly Services, Inc.*, 224 Fed. Appx. 893, 894-95 (11th Cir. 2007) (dismissing complaint for lack of jurisdiction where plaintiff did not present any calculations as to the amount of loss suffered as a result of the alleged conduct, did not quantify losses, or provide specific dollar figures). Although "a court owes some deference to a diversity plaintiff's amount in controversy allegations," such deference "does not eviscerate the court's obligation to scrupulously enforce its jurisdictional limitations." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1272 (11th Cir. 2000).

Here, Plaintiff does not provide sufficient allegations about the amount in controversy. Plaintiff seeks $2,000,000.00 from Defendant, but does not provide a basis for this amount. Doc. 1-1. Indeed, as discussed further below, Plaintiff provides few allegations about the nature of the case or what his damages are based on. Without more, the Court cannot determine the amount in controversy exceeds $75,000. Therefore, the Court questions whether it has subject matter jurisdiction over this action.

### b. Shotgun Pleading

Pleadings from *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. U.S.,* 148 F.3d 1262, 1263 (11th Cir. 1998). However, they still must meet minimal pleading standards. *Pugh v. Farmers Home Admin.,* 846 F. Supp. 60, 61 (M.D. Fla. 1994).

A pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Further, each claim must be "limited as far as practicable to a single set of circumstances," and each claim founded on a separate transaction or occurrence must be stated in a separate count or defense if doing so would promote clarity. Fed. R. Civ. P. 10(b). Failure to comply with these rules

may result in a shotgun pleading. "A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. School Bd.*, 261 Fed. Appx. 274, 277 (11th Cir. 2008) (citation omitted). When faced with such a pleading, a court should strike the complaint and instruct plaintiff to file a more definite statement. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008) (abrogated on other grounds).

Here, Plaintiff provides no substantive information about his claim(s) against Defendant. Plaintiff provides the names of the parties, the parties' citizenships, a certification and closing, and the cause of action, as required. Doc. 1; Doc. 1-1. But Plaintiff does not include "a short and plain statement of the claim showing" he "is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Iqbal*, 556 U.S. at 677-78. Indeed, Plaintiff's form Complaint appears to be missing a page. *See* doc. 1 at pp. 3-4 (showing form pages 3 and 5, but not form page 4). Plaintiff's lack of allegations fail to put Defendant on notice of the claim(s) against him, not allowing Defendant to frame a responsive pleading.

Plaintiff must include allegations about the nature of Plaintiff's claim so that Defendant may be put on notice of the claim(s) against him and may frame a responsive pleading. Finally, if Plaintiff's claim(s) against Defendant are based on fraud, as stated on the civil cover sheet, they must additionally comply with the heightened pleading standard articulated in Federal Rule of Civil Procedure 9(b). Under that Rule, in addition to satisfying the general pleading requirements articulated in *Iqbal*, claims alleging fraud "must include facts as to time, place, and substance of the defendant's alleged fraud." *U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1308 (11th Cir. 2002) (citation and internal quotations omitted). The Rule 9(b) particularity requirement for fraud allegations exists to put defendants on notice as to the exact misconduct with

which they are charged and to protect defendants against spurious charges. *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001). The failure to satisfy Rule 9(b)'s pleading requirements amounts to a failure to state a claim and requires dismissal of the complaint. *See, e.g., Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005).

## II.    CONCLUSION

Plaintiff will be given leave to file an amended complaint which sufficiently establishes the Court's subject matter jurisdiction and which conforms to the Federal Rules of Civil Procedure. Specifically, the amended complaint must provide allegations related to the amount in controversy so that the Court is satisfied the amount is in excess of $75,000. In addition, the amended complaint must include allegations about the nature of Plaintiff's claim(s) so that Defendant may be put on notice of the claim(s) against him and may frame a responsive pleading. Finally, if Plaintiff's claim(s) against Defendant are based on fraud, they must comply with the heightened pleading standard articulated in Rule 9(b).

Accordingly, it is hereby **ORDERED** as follows:

1.     The Complaint (Doc. 1) is **DISMISSED, without prejudice,** for lack of jurisdiction due to Plaintiff's failure to establish diversity jurisdiction and because it is a shotgun pleading. Plaintiff is granted leave to file an Amended Complaint within **TWENTY-ONE (21) DAYS** from the date of this Order correcting the deficiencies discussed herein. Failure to file an Amended Complaint within this time period will result in the Court dismissing this case.

**DONE AND ORDERED** in Tampa, Florida on February 13, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:     All Counsel of Record

All *Pro Se* Parties